UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4702 CAS (RCx) | Date | September 17, 2010 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (Chambers:) ORDER TO SHOW CAUSE WHY PLAINTIFF'S CLAIMS AGAINST LAUSD, CDE, AND LACDMH SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION

## I. INTRODUCTION

On June 24, 2010, the Los Angeles County Office of Education ("plaintiff") filed the instant action appealing an administrative decision issued by the Office of Administrative Hearings ("OAH") on June 15, 2010, in OAH Case No. 2010040050. In its complaint, LACOE named as defendants: C.M., a nonconserved adult student ("Student"); the Los Angeles Unified School District ("LAUSD"); the California Department of Education ("CDE"); and the Los Angeles County Department of Mental Health ("LACDMH"). Plaintiff alleges that the OAH determination is erroneous, that CDE or LAUSD is the educational agency responsible for implementing and funding Student's residential placement, and that LACDMH is the agency responsible for funding the mental health and non-educational portion of Student's residential placement.

On July 19, 2010 and August 9, 2010, defendants CDE and LAUSD respectively filed motions to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P 12(b)(1) and (6). In the course of resolving defendants' motions, the Court is concerned that it may lack jurisdiction to hear plaintiff's claims against LAUSD, CDE, and LACDMH.

## II. BACKGROUND

Student is eligible for special education under the Individuals with Disabilities

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4702 CAS (RCx) | Date | September 17, 2010 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

Education Act (IDEA). Complaint ¶ 8. This case arises out of a dispute regarding which public agency is responsible for providing and funding Student's free and appropriate public education ("FAPE")[1] by placing Student in a residential treatment center. Student is a nonconserved adult who holds her own educational rights. Complaint ¶ 7. At the time of the filing of the complaint, Student was eighteen-years-old, and enrolled in a program operated by plaintiff as she was being detained in a juvenile hall facility. Complaint ¶ 15. Plaintiff is a public educational agency existing under the laws of the State of California, located within the County of Los Angeles, State of California. Complaint ¶ 6. LAUSD is a public educational agency, separate and independent from the City and County of Los Angeles, existing under the laws of the State of California, located within the County of Los Angeles, State of California. Complaint ¶ 8. CDE is California's state educational agency organized and existing under the laws of the State of California. Complaint ¶ 9. LACDMH is a public agency existing under the laws of the State of California, located within the County of Los Angeles, State of California. Complaint ¶ 10.

At issue in this case is a due process complaint filed by Student who is an adult eligible for special education services. Complaint ¶ 7. Student is incarcerated in juvenile hall and has not attended public school for at least five years. Complaint ¶¶ 15–17. Student has received educational services from plaintiff while incarcerated in juvenile hall. Complaint ¶ 15. Student's last district of residence before she was incarcerated in juvenile hall was LAUSD. Complaint ¶ 8.

On February 24, 2010, based upon a recommendation by LACDMH, Student's individualized education program ("IEP") team[2] determined that she be placed in a

---

[1] IDEA provides that a state must, in order to receive federal financial assistance, have a policy in effect that assures all children with disabilities the right to a FAPE. See 20 U.S.C. § 1412(a)(1).

[2] A student's special education instruction is based upon an individualized education program. 20 U.S.C. § 1414(d); Cal. Educ. Code § 56345. The IEP is adopted through the cooperation of parents and educators, and "sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4702 CAS (RCx) | Date | September 17, 2010 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

residential treatment center directly after her release from juvenile hall. Complaint ¶¶ 10, 20. Plaintiff took the position that it was not obligated to fund Student's placement in the residential treatment center because such placement would take place after Student's release from juvenile hall. Ex. A. to Complaint at p.2 ¶ 7. On March 30, 2010, Student filed a due process complaint with OAH, naming plaintiff as the sole respondent.[3] Complaint ¶ 22; Ex. A to Complaint at p.1. The issue for administrative determination was whether plaintiff was responsible for providing student with a FAPE. Complaint ¶ 22; Ex. A. to Complaint at p.1. Subsequently, plaintiff filed motions to add LAUSD and LACDMH as parties to the administrative proceeding. Complaint ¶ 24. The Administrative Law Judge ("ALJ") denied plaintiff's motion on the grounds that the issue of LAUSD's obligation to Student was not raised in her due process hearing request, that plaintiff has no right to independently request a due process hearing against another public agency under Cal. Gov. Code § 7586(d),[4] and because it was not necessary that LAUSD be joined as a party for plaintiff to raise the legal issues regarding plaintiff's obligations to Student upon her release from juvenile hall. Complaint ¶ 24; Ex. 1.

On June 15, 2010, the ALJ ruled that plaintiff is responsible for implementing the February 24, 2010 recommendation to place Student in a residential treatment center. Complaint ¶ 26. The ALJ found that because Student was still at juvenile hall at the time of the hearing, plaintiff is the agency charged with providing student a FAPE and, consequently, must fund student's placement in a residential treatment center. Complaint ¶ 26; Ex. A to Complaint at p. 5. The ALJ further found that:

---

will enable the child to meet those objectives." Honig v. Doe, 484 U.S. 305, 311 (1998).

[3] Whenever there is a proposal, or refusal, to initiate a change relating to the identification, evaluation or educational placement of a child, or the provision of a FAPE, "the parents or the local educational agency . . . shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f).

[4] "No public agency, state or local, may request a due process hearing pursuant to Section 56501 of the Education Code against another public agency." Cal. Gov. Code § 7586(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4702 CAS (RCx) | Date | September 17, 2010 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

> where the Juvenile Court has indicated a willingness to release Student to a [residential treatment center] . . . , LACOE [plaintiff] has a responsibility to coordinate efforts between agencies toward this end, including signing any necessary contracts, providing any necessary funding, and transporting Student. After LACOE [plaintiff] has met its duty to provide a FAPE to Student, it may use whatever legal process it deems appropriate to attempt to shift responsibility for the provision of a FAPE to another public agency.

Ex. A to Complaint at p. 5. Plaintiff then filed a complaint in this Court against Student, LAUSD, CDE, and LACDMH, appealing the ALJ's determination.

### III. DISCUSSION

Federal courts are courts of limited jurisdiction, and may hear actions only where authorized to do so by Congress. U.S. Const. art. III, § 1. As the Supreme Court of the United States has made clear,

> private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.

Alexander v. Sandoval, 532 U.S. 275, 286–87 (internal quotation marks and citations omitted). To determine whether the IDEA creates an express or implied right for a local education agency to maintain a civil action against other state and local agencies, the Court must examine the statutory language. See Touche Ross & Co. V. Redington, 442 U.S. 560, 568 (1979).

The Court is unconvinced that the IDEA's statutory language either expressly or impliedly permits a local education agency to maintain claims against other state and local agencies that were not parties to a student's underlying due process hearing. It

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4702 CAS (RCx) | Date | September 17, 2010 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

appears to the Court that 20 U.S.C. § 1415(i)(2)(A) limits plaintiff's right to challenge the ALJ's findings to those that relate to the "complaint presented" to the ALJ.[5] The issue of whether LAUSD, CDE and LADMH are responsible for implementing and funding Student's placement in the residential treatment center was not raised in the "complaint presented" to the ALJ in Student's due process hearing.[6] The Court's inclination that it does not have jurisdiction to hear some of plaintiff's claims is supported by cases holding that the IDEA does not provide local education agencies with an express or implied private right of action. See Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dept. of Educ., --- F.3d ----, 2010 WL 3024082, at *3–4 (6th Cir. Aug. 4, 2010); Lawrence Twp. Bd. of Educ. v. New Jersey, 417 F.3d 368, 370–72 (3d Cir. 2005); County of Westchester v. New York, 286 F.3d 150, 152–53 (2d Cir. 2002); Andrews v. Ledbetter, 880 F.2d 1287, 1290–91 (11th Cir. 1989). In addition, at least one district court has held that a local education agency may not file a claim in federal court, pursuant to 20 U.S.C. § 1415(i)(2)(A), to seek monetary compensation from a state, when the state was not a party to a student's due process hearing. See Rancocas Valley Reg'l High Sch. Bd. of Educ. v. M.R., 380 F. Supp. 2d 490, 494–96 (D. N.J. 2005).

**IV. CONCLUSION**

---

[5] 20 U.S.C. § 1415(i)(2)(A) provides in relevant part:

any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action <u>with respect to the complaint presented pursuant to this section</u>, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

(Emphasis added).

[6] The sole issue before the ALJ was: "Is LACOE currently responsible for providing Student with a free appropriate public education (FAPE)?" See Ex. A to Complaint at p. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-4702 CAS (RCx) | Date | September 17, 2010 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

In accordance with the foregoing, plaintiff is hereby ORDERED to SHOW CAUSE why the Court has jurisdiction over plaintiff's claims against LAUSD, CDE, and LADMH, and whether the IDEA provides plaintiff with a private right of action in this case. Plaintiff is directed to submit supplemental briefing on or before **October 12, 2010**, and defendant's response is due on or before **October 26, 2010.**

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |