UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 10-4702 CAS (RCx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| VANESSA DEL RIO | WIL WILCOX | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Marlon Wadlington | Tania Whiteleather | |

**Proceedings:**   **LOS ANGELES COUNTY OFFICE OF EDUCATION'S MOTION FOR SUMMARY JUDGMENT** (filed 02/01/11)

**C.M.'S MOTION FOR SUMMARY JUDGMENT** (filed 02/01/11)

## I.   INTRODUCTION

On June 24, 2010, the Los Angeles County Office of Education ("LACOE") filed the instant action appealing an administrative decision issued by the Office of Administrative Hearings ("OAH") on June 15, 2010, in OAH Case No. 2010040050. In its complaint, LACOE names as defendants: C.M., a nonconserved adult student ("C.M."); the Los Angeles Unified School District ("LAUSD"); the California Department of Education ("CDE"); and the Los Angeles County Department of Mental Health ("DMH"). On December 22, 2010, the Court dismissed defendants DMH, CDE, and LAUSD. See Dkt. 48.

On February 1, 2011, LACOE and C.M. filed the instant cross-motions for summary judgment. On March 11, 2011, the parties filed oppositions. LACOE replied on April 8, 2011. Although the filings are styled as motions for summary judgment, the parties agreed that the proper procedure is a bench trial on a stipulated record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-4702 CAS (RCx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

## II. BACKGROUND

### A. Factual Background[1]

This case arises from a dispute regarding which public agency is responsible for providing and funding C.M.'s free and appropriate public education ("FAPE") by placing her in a residential treatment center ("RTC"). C.M. is a nonconserved adult who is eligible for special education under the Individuals with Disabilities Education Act (IDEA) because she suffers from a learning disability and emotional disturbance. Administrative Record ("AR") 168–69, 319.

At all relevant times, C.M. was incarcerated at Central Juvenile Hall ("Central"), where she was detained until May 2010.[2] AR 169. While she was incarcerated at Central, C.M. attended the Central Juvenile Hall School, which is operated by LACOE. AR 171, 235. Prior to her detention, C.M. had not attended public school for five years. AR 171. Before being placed in juvenile hall, C.M. was last enrolled as an eighth grader at Harrison Middle School in the Los Angeles Unified School District ("LAUSD"). AR 169, 171, 178.

LACOE convened an individualized education program ("IEP") team meeting for C.M. on September 25, 2009. AR 302–18. During the meeting, LACOE referred C.M. to DMH to conduct an additional assessment. AR 306. The DMH assessment found that C.M. was eligible for mental health services, and recommended that she be placed in a RTC. AR 322. On February 24, 2010, LACOE convened a special IEP team meeting to review the results of C.M.'s mental health assessment. AR 319–28. C.M.'s IEP team authorized the recommended RTC placement, and began the process to search for an appropriate RTC placement for C.M. AR 322.

---

[1] The following facts have been derived from the administrative record and the Administrative Law Judge's ("ALJ") decision.

[2] From May 18, 2001 to July 2009, C.M. was detained at Los Padrinos Juvenile Hall ("Los Padrinos"). AR 169. C.M. was transferred from Los Padrinos to Central in July 2009, where she was detained until May 2010. AR 169.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-4702 CAS (RCx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

At a subsequent IEP team meeting on March 25, 2010, LACOE took the position that it was not responsible for providing C.M. a FAPE after she was released from juvenile hall. AR 215–16. At an IEP team meeting on May 7, 2011, a representative from DMH recommended a specific RTC placement for C.M. at Devereux in Texas. AR 369. LACOE indicated that it would request an IEP team meeting with C.M.'s district of residence to confirm which local educational agency would be responsible for funding C.M.'s RTC placement. AR 369.

### B. Procedural Background

On March 30, 2010, C.M. filed a due process complaint with the OAH, naming LACOE as the sole respondent. AR 1–13. The issue for administrative determination, as phrased in C.M.'s due process complaint, was: "Whether LACOE is the LEA responsible for providing [C.M.] with a FAPE."[3] AR 11. Subsequently, LACOE filed a motion to add LAUSD as a party to the administrative proceeding. AR 52–57. The Administrative Law Judge ("ALJ"), Richard T. Breen, denied LACOE's motion. AR 90. The ALJ ruled that:

> Whatever [LAUSD's] obligations may be to [C.M.] in the future were not raised by [C.M.] in her due process hearing request. In particular, [C.M.] only seeks clarification of LACOE's responsibility to provide her FAPE by implementing a recommended residential placement. LACOE has no right to independently request a due process hearing against another public entity under Government Code section 7586, subdivision (d). To the extent LACOE raises as a defense the legal issue of what its responsibility is to [C.M.] upon her release from juvenile hall, it is not necessary that the [LAUSD] be a party.

---

[3] C.M.'s due process complaint originally presented two additional issues for resolution. AR 11–12. One of the issues was dismissed prior to the hearing for lack of jurisdiction, and C.M. withdrew the other issue on the day of the hearing. AR 135.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-4702 CAS (RCx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

AR 90.[4] On May 20, 2010, the Superior Court of the State of California for the County of Los Angeles issued an order in Case No. VJ 38080 permitting implementation of C.M.'s RTC placement, as provided for in her February 24, 2010 IEP, "upon determination of the agency responsible for the educational services to the minor. . . ." AR 102.

### C. The ALJ's Decision

On May 24, 2010, the ALJ presided over C.M.'s due process hearing. AR 135. On June 15, 2010, the ALJ issued a final decision holding that LACOE was responsible for placing C.M. in the RTC. AR 135–140. The ALJ further held that LACOE's responsibilities included "coordinating efforts between agencies, signing any necessary contracts, providing any necessary funding, and providing transportation to [C.M.]." AR 139. With respect to LACOE's argument that LAUSD was C.M.'s district of residence after her release from juvenile hall by operation of Education Code section 56041, the ALJ concluded that:

> . . . as of the date of the hearing, prior to [C.M.'s] actual release from Juvenile Hall, there was no way to determine what other agency or local school district, if any, would be responsible to pay for [C.M.'s] education. In particular, it cannot be said with any certainty that [C.M.'s] prior school district (who was not a party to the due process hearing) is responsible for [C.M.'s] education when according to LACOE's own IEP, [C.M.] had not been enrolled in school for five years prior to the September 25, 2009 IEP. Accordingly, any such determination would be purely speculative and not ripe for adjudication. The ALJ is unaware of any statutory authority, and LACOE has produced none, to support LACOE's position that it has no present duty to implement placement in a RTC when recommended by DMH, or that LACOE's duty to provide a FAPE is limited or qualified

---

[4] The ALJ also denied LACOE's motion to join the DMH as a party because C.M.'s complaint "d[id] not involve any alleged failure to act by [DMH] that denied [her] a FAPE." AR 50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 10-4702 CAS (RCx) | Date | April 22, 2011 |
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

   based on the possibility that another agency may have financial
   responsibility for [C.M.'s] education upon her release from Juvenile Hall.

AR 138–39. The ALJ further held that after LACOE satisfied its responsibility of implementing C.M.'s RTC placement, "it may use whatever legal process it deems appropriate to attempt to shift responsibility for the provision of a FAPE to another public agency." AR 139.

## III.   APPLICABLE LEGAL PRINCIPLES

   The IDEA, 20 U.S.C. §§ 1400 et seq., was enacted to ensure that children with disabilities have access to a FAPE that meets their unique needs. Honig v. Doe, 484 U.S. 305, 309 (1988). Each state that receives federal special education funding must ensure that local educational agencies ("LEA") are in compliance with the IDEA. Id. at 310-11; Gadsby v. Grasmick, 109 F.3d 940, 943 (4th Cir. 1997). A LEA is generally responsible for providing a FAPE to students with disabilities residing within its jurisdictional boundaries. See Cal. Educ. Code §§ 48200, 56028 (the residency statutes); see also Orange County Dep't of Educ. v. A.S., 567 F. Supp. 2d 1165, 1167 (C.D. Cal. 2008); Union Sch. Dist. v. Smith, 15 F.3d 1519, 1525 (9th Cir. 1994). Education Code section 56026.3 defines a LEA as a "school district, a county office of education, a nonprofit charter school participating as a member of a special education local plan area, or a special education local plan area." Cal. Educ. Code § 56026.3. In California, a county office of education is responsible for the provision of a FAPE to individuals who are confined in juvenile hall schools within that county during the pendency of their detention. Cal. Educ. Code §§ 48645.1, 48645.2, 56150.

   To meet the requirements of the IDEA, LEAs must implement an IEP for each special needs student and provide services directly to students. Cal. Educ. Code § 56347; 20 U.S.C. § 1414(d); see also Honig, 484 U.S. at 311-12. Each state agency – in California, the CDE – is responsible for determining specific policies and procedures for compliance and for administering funds to the local agencies. Id. Pursuant to the IDEA, each state agency is ultimately responsible for providing services directly to students when the local education agencies are "unable to establish and maintain programs of free appropriate public education that meet the requirements" of the IDEA. 20 U.S.C. § 1413(g)(1)(B); see also Honig, 484 U.S. at 329 (holding that the state may be required to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-4702 CAS (RCx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

provide services directly to special education students when the local agency fails to do so); Gadsby, 109 F.3d at 953 ("where an LEA is either unable or unwilling to establish and maintain programs in compliance with IDEA, the [state educational agency] is responsible for directly providing the services to disabled children in the area.").

The IDEA also requires participating states and local educational agencies to "establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a [FAPE] . . . ." 20 U.S.C. § 1415(a). For example, whenever there is a proposal, or refusal, to initiate a change relating to the identification, evaluation or educational placement of a child, or the provision of a FAPE, parents "have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f).

## IV. STANDARD OF REVIEW

Any "party aggrieved" by the decision in the due process hearing may bring a civil action in state or federal court. 20 U.S.C. § 1415(i)(2)(A). The reviewing court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). The burden of proof lies with the party challenging the ALJ's decision. See Seattle Sch. Dist., No. 1 v. B.S., 82 F.3d 1493, 1498 (9th Cir. 1996) (citing Clyde K. v. Puyallup Sch. Dist., 35 F.3d 1396, 1399 (9th Cir. 1994)).

District courts review special education placement decisions pursuant to the IDEA under a modified de novo standard. Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1471–73 (9th Cir. 1993); Amanda J. v. Clark County Sch. Dist., 267 F.3d 877, 887 (9th Cir. 2001). Reviewing courts should "giv[e] 'due weight' to the decisions of the states' administrative bodies" and "defer to their 'specialized knowledge and experience.'" Amanda J., 267 F.3d at 887 (quoting Bd. of Educ. v. Rowley, 458 U.S. 176, 206–08 (1982)). An ALJ's decision is generally entitled to substantial deference where it is supported by reasoning that is "careful, impartial . . . and . . . sensitiv[e] to the complexities of the issues presented." Ojai, 4 F.3d at 1476. However, the extent of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-4702 CAS (RCx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

deference to give state educational agencies is within the discretion of the district court. Gregory K v. Longview Sch. Dist., 811 F.2d 1307, 1310 (9th Cir. 1987). Where the district court is presented with all the evidence regarding the disputed issues, "it may make a final judgment in what 'is not a true summary judgment procedure but a bench trial based on a stipulated record.'" Miller v. San Mateo-Foster City Unified Sch. Dist., 318 F. Supp. 2d 851, 859 (N.D. Cal. 2004) (quoting Ojai, 4 F.3d at 1472) (internal alterations omitted).

**V.   DISCUSSION**

The threshold issue is whether the ALJ erred in denying LACOE's motion to join LAUSD as a party to C.M.'s due process hearing. See Winkelman v. Parma City Sch. Dist., 411 F. Supp. 2d 722, 728 (N.D. Ohio 2005) ("District courts are not authorized to rule upon issues beyond those presented to the [ALJ]").

LACOE argues that the ALJ's decision was in error for three reasons. First, LACOE contends that the issue of which LEA was responsible for funding C.M.'s RTC placement after her release from juvenile hall was plainly raised by C.M.'s due process complaint. Pl.'s Mot. at 8–10; Pl.'s Opp'n at 9–11. In denying the motion to join LAUSD as a party, LACOE argues that the ALJ inappropriately focused on the undisputed issue of which LEA was "currently" responsible for providing C.M. a FAPE during her detention at juvenile hall. Pl.'s Mot. at 8; Pl.'s Opp'n at 9–10. LACOE argues that the true issue in dispute was which LEA was responsible for funding C.M.'s placement in a RTC, which would occur upon her release from juvenile hall. Reply at 3. In order to resolve this issue, LACOE argues, LAUSD was a necessary party. Id.

Second, LACOE maintains that contrary to the ALJ's decision, the issue of which LEA was responsible for funding C.M.'s RTC placement was ripe for adjudication. Pl.'s Mot. at 8–9; Pl.'s Opp'n at 10. LACOE asserts that the only reason the ALJ could not rule on this issue was due to his previous incorrect ruling that LAUSD was not a necessary party. Pl.'s Mot. at 9; Pl.'s Opp'n at 11.

Finally, LACOE argues that practical realities dictate that it was necessary for the ALJ to join LAUSD as a party. Pl.'s Mot. at 13; Pl.'s Opp'n at 14. LACOE asserts that because the ALJ failed to join the necessary parties, LACOE is now being subjected to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 10-4702 CAS (RCx) | Date | April 22, 2011 |
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

second due process hearing on the issue of which LEA is responsible for funding C.M.'s RTC placement.[5] Id. (citing LACOE's RFJN, Exh. 3 (C.M.'s Request for Due Process Hearing, Feb. 25, 2011)); see also Pl.'s Reply at 2–3.

C.M. responds that the ALJ properly addressed the sole issued raised by her due process complaint: whether LACOE was required to provide her a FAPE for the time period through May 24, 2010. Deft.'s Mot. at 10; Deft.'s Opp'n at 2. C.M. argues that the issue of responsibility for C.M.'s education beyond her detention in juvenile hall was not raised by her due process complaint and not addressed by the ALJ. Deft.'s Opp'n at 6. C.M. recognizes that there is an unresolved question as to which LEA is responsible for funding a RTC placement once a student is transferred from juvenile hall to a RTC, but argues that the issue is more properly considered in a separate due process hearing. Id. at 6–8.

The Court finds that the ALJ erred by failing to join LAUSD as a party to the underlying due process proceeding. The ALJ denied LACOE's motion to join LAUSD as a party, holding that the issue in C.M.'s due process complaint "only seeks clarification of LACOE's responsibility to provide her FAPE by implementing a recommended residential placement." AR 90. As LACOE points out, however, LACOE's obligation to provide C.M. a FAPE while she was detained in juvenile hall was not truly in dispute.[6] In fact, LACOE never denied its responsibility for providing C.M.

---

[5] The Court GRANTS, pursuant to Fed. R. Evid. 201, LACOE's request for judicial notice ("RFJN") with respect to C.M.'s February 25, 2011 Request for Mediation and Due Process Hearing. See LACOE's RFJN, Exh. 3. In the February 25, 2011 due process hearing request, C.M. names LACOE, LAUSD, and the California Department of Education as parties. Id. at 2–3. The issue presented is: "Whether LAUSD, LACOE, or California Department of Education ("CDE") is the local education agency responsible for [C.M.'s] education as of the date she left Juvenile Hall and entered the agreed-upon residential treatment center, Devereux, Texas." Id. at 8

[6] Indeed, it is quite clear that in California, a county office of education is responsible for the provision of a FAPE to individuals who are confined in juvenile hall schools within that county during the pendency of their detention. Cal. Educ. Code §§ 48645.1, 48645.2, 56150.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 10-4702 CAS (RCx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

educational services for the period she was physically detained in juvenile hall. At the administrative hearing LACOE argued that, pursuant to Cal. Educ. Code § 56041, LAUSD was C.M.'s "district of residence" upon her release from juvenile hall, and therefore obligated to implement and fund C.M.'s RTC placement. See AR 52–57. Contrary to the ALJ's decision, resolution of this controversy squarely implicated LAUSD's obligations to C.M., and necessitated that LAUSD be joined as a party. See Cal. Civ. Proc. Code § 389(a). The ALJ's failure to join LAUSD may result in substantial prejudice to LACOE because the ALJ's decision appears to contemplate that LACOE fund C.M.'s RTC placement indefinitely, and "use whatever legal process it deems appropriate to attempt to shift responsibility for the provision of a FAPE to another public agency." AR 139. If, as LACOE argues, LAUSD is responsible for funding C.M.'s RTC placement upon her release from juvenile hall, LACOE will be substantially prejudiced by being forced to fund the RTC placement beyond when its obligation to C.M. expires. See Kraus v. Willow Park Public Golf Course, 73 Cal. App. 3d 354, 365 n.7 (1977) ("In general, section 389 limits compulsory joinder to those situations where the absence of a person may result, as a practical matter, in substantial prejudice to that person or to the parties already before the court."). As evidenced by the ALJ's ultimate decision, the scope of the due process complaint reached beyond whether LACOE was "currently" responsible for providing C.M. a FAPE. See AR 135.

The ALJ appears to have relied on Princeton University v. Schmid, 455 U.S. 100, 102 (1982) and Stonehouse Homes v. City of Sierra Madre, 167 Cal. App. 4th 531, 540 (2008), for the proposition that the issue of which LEA was responsible for funding C.M.'s placement in the RTC was not ripe and any such decision would constitute an impermissible advisory opinion. See AR 137–38. The Court disagrees. As discussed above, determining the LEA responsible for implementing and funding C.M.'s RTC placement was not a hypothetical dispute. It was a live "case or controversy" within the meaning of Article III, Section 2 of the United States Constitution, and the ALJ should have joined LAUSD as a necessary party to facilitate its resolution.

Nor does Government Code section 7586 provide a legitimate basis for the ALJ's refusal to join LAUSD as a party. That provision provides that, "[n]o public agency, state or local, may request a due process hearing . . . against another public agency." Cal. Gov't Code § 7586(d). Section 7586(d) precludes a LEA from initiating a due process hearing against another LEA. It does not prevent a LEA from joining another LEA as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-4702 CAS (RCx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | LOS ANGELES COUNTY OFFICE OF EDUCATION v. C.M., ADULT STUDENT; ET AL. | | |

party where a student requests the due process hearing and joinder is necessary to accord full relief. See Cal. Civ. Proc. Code § 389.

Finally, the Court disagrees with C.M.'s argument that the issue of which LEA is responsible for funding her RTC placement once she is transferred from juvenile hall is more properly considered in a subsequent due process hearing. The issue of which LEA is responsible for *implementing* a RTC placement recommended while a student is detained in juvenile hall is not divorced from the issue of which LEA is responsible for *funding* the RTC placement once the student is released from juvenile hall. Moreover, a second due process hearing is not only inefficient, but could lead to inconsistent rulings.

## VI.   CONCLUSION

In accordance with the foregoing, the Court concludes that the ALJ erred in denying LACOE's motion to join LAUSD as a party.[7] The Court hereby REMANDS the case to the ALJ with instructions to: (1) consolidate the instant action with C.M.'s February 25, 2011 due process complaint; (2) apportion responsibility, if any, for implementing and funding C.M.'s RTC placement among LACOE, LAUSD and CDE consistent with this order and the IDEA; and (3) issue a new decision. Any aggrieved party will be permitted to timely appeal the subsequent administrative decision.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[7] Because the Court concludes that the ALJ erred by failing to join LAUSD as a party to the underlying due process hearing, the Court does not reach LACOE's argument that it was not the LEA responsible for implementing the RTC placement. See Pl.'s Mot. at 6–8; Pl.'s Opp'n at 7–9. Similarly, the Court defers judgment on C.M.'s motion for attorneys' fees pending final resolution of the subsequent administrative decision. See Deft.'s Mot. at 13–18.