Tania L. Whiteleather   SBN 141227
Law Offices of Tania L. Whiteleather
5445 E. Del Amo Blvd., Suite 207
Lakewood, CA 90712
tel (562) 866-8755    fax (562) 866-6875
tlwhiteleather@juno.com

Attorney for Defendant/Counter-Plaintiff
    C.M. (CRYSTAL MORIWAKI)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES COUNTY OFFICE OF EDUCATION,<br><br>    Plaintiff,<br><br>    v.<br><br>C.M., Adult Student, Los ANGELES UNIFIED SCHOOL DISTRICT, CALIFORNIA DEPARTMENT OF EDUCATION LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH, and DOES 1 through 10,<br><br>    Defendants.<br>_____<br>CRYSTAL MORIWAKI,<br><br>    Counter-Plaintiff,<br><br>    v.<br><br>LOS ANGELES COUNTY OFFICE OF EDUCATION,<br><br>    Counter-Defendant.<br>_____ | Case No. CV 10-4702 CAS (RCx)<br><br>JUDGMENT |

The parties' respective motions, including C.M.'s Motion for Attorney's Fees and Costs, were determined

1

without oral argument and on the pleadings submitted.

On June 24, 2010, Los Angeles County Office of Education ("LACOE") filed the instant action against C.M., a non-conserved adult student ("C.M.") appealing a decision by the California Office of Administrative Hearings ("OAH") administrative law judge ("ALJ").

In its prayer for relief, Plaintiff LACOE sought the following:

1. An order reversing the Decision in OAH Case No. 2010040050, and finding that:

    a. LACOE has no legal obligation to implement a general recommendation of residential placement as set forth in Adult Student's February 24, 2010 IEP;

    b. Any obligation of LACOE obligation to provide a FAPE to Adult Student by implementing her February 24, 2010 IEP terminates immediately upon her release from juvenile hall;

    c. LACOE is not obligated to either implement or fund any portion of Adult Student's educational placement, including but not limited to any out-of-state residential placement;

    d. CDE or LAUSD is the educational agency responsible for implementing and funding Adult Student's educational placement, including any out-of-state residential placement where Student is placed upon her release from juvenile hall;

    e. Upon a finding that either LAUSD or CDE is the educational agency responsible for funding Adult Student's educational placement, direct reimbursement from LAUSD or CDE to LACOE for any expenses related to LACOE's funding of the out-of-state residential placement as required by OAH Case No. 2010040050, through and including the date the Court overturns OAH's Decision.

/////

2

      f. LACDMH be ordered to provide case management services and fund the mental health and non-educational portion of Adult Student's placement in the out of state residential treatment center as required by OAH Case No. 2010040050.

      g. That LACOE is a prevailing party both on the instant appeal and the underlying Administrative Action.

      h. For costs of suit herein incurred.

      i. For an order providing for such other and further relief as this Court deems just and proper.

This Court remanded the matter to OAH with an order to OAH to: (1) consolidate the instant action with a second, separate action filed by C.M. against LAUSD (OAH Case No. 2011030120), (2) apportion responsibility between LACOE, LAUSD and CDE, and (3) issue a new decision. [Dkt. No. 75 at 10]

On July 22, 2011, the OAH ALJ further ruled that, for the period after C.M. was released from Juvenile Hall, LAUSD was responsible for providing her with a FAPE. The ALJ further held that C.M. had prevailed in the both first and second OAH hearing.

This Court has found that "LACOE never denied its responsibility for providing C.M. educational services for the period she was physically detailed in juvenile hall." [Dkt. No. 75 at 8-9]

This Court ruled in favor of LACOE on the only issue the Court reached on appeal: whether the ALJ appropriately denied LACOE's motion to add as a party LAUSD, the entity LACOE argued was responsible for

3

1  implementing C.M.'s FAPE after her release from
2  juvenile hall.
3     Because the ALJ ultimately agreed with LACOE's
4  contention that it was not responsible for providing
5  for C.M.'s education after her release from juvenile
6  hall, the Court concludes that it is appropriate for
7  each party to bear its own costs.
8     IT IS SO ORDERED.

10 Dated: January 31, 2012

                                    _____
                                    HONORABLE CHRISTINA A. SNYDER
                                    UNITED STATES DISTRICT JUDGE